UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE LAWHON-DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 12 C 182 |
| v. | ) |
| | )   Judge Sara L. Ellis |
| REASSURE AMERICA LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

In her latest attempt to recover benefits from her husband's life insurance policy dating back to 2001, Plaintiff Valerie Lawhon-Davis filed this suit against Reassure America Life Insurance Company ("Reassure").[1] In a previous suit filed in state court, the Illinois Appellate Court found that Reassure could not rescind the policy based on alleged misrepresentations that Lawhon-Davis' husband made in the insurance application. Her complaint includes claims for breach of contract, fraud, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), bad faith, negligent misrepresentation, unjust enrichment, and declaratory judgment.[2] The parties have filed cross-motions for summary judgment [75, 79]; although the motions are not dispositive of Lawhon-Davis' entire complaint.[3] Because the

---

[1] In September 2012, Reassure was sold to Jackson National Life Insurance Company ("Jackson National"). Reassure was merged into Jackson National on December 31, 2012. The Court will continue to refer to Reassure in this opinion.

[2] The complaint also included class action allegations, but on February 23, 2015, the Court granted Reassure's motion to dismiss Lawhon-Davis' class action allegations. *See* Doc. 59. As a result, Count IX of the complaint (entitled "class action") is no longer pending.

[3] Neither party has moved for summary judgment on Lawhon-Davis' claims for negligent misrepresentation (Count VII), declaratory judgment (Count VIII), or unjust enrichment (Count XI). These claims remain pending.

Illinois Appellate Court rendered a final judgment and the remaining elements of collateral estoppel are met, Reassure's motion for summary judgment is denied and Lawhon-Davis prevails on her breach of contract claim. Additionally, because Reassure has no legal basis to continue to contest the policy in this litigation after the Illinois Appellate Court's decision, Lawhon-Davis is entitled to section 155 damages. But Lawhon-Davis' motion is denied with respect to her fraud and ICFA claims because she has not properly supported that request with evidence or legal argument.

## BACKGROUND

Reassure, which was at the time known as the Midland Insurance Company,[4] entered into an agreement with Bank One Bank in May 1996 to provide group life insurance to Bank One Bank customers. One of those customers was Marion Davis, who applied for life insurance under the Reassure group policy on May 10, 1999. In filling out the customer enrollment form, he indicated that he had not smoked cigarettes within the previous twelve months. By signing, Davis acknowledged "understand[ing] that the rates for the insurance applied for are based on [his] smoking habits." Doc. 77-2 at 9. He also acknowledged that "[i]f [he] misstate[d] these habits, the insurance may be voidable by [Reassure]." *Id.* On June 15, 1999, Reassure then issued Davis a certificate of group insurance (number T16-2100871) under Group Insurance Policy 96-0001 (the "Group Policy") for $50,000 (collectively, the "policy"). Davis designated Lawhon-Davis as the beneficiary of the coverage. Both the certificate and the Group Policy state the following regarding the incontestability of life insurance:

> Except for fraud, no statement made by an Insured Person will be
> used to contest the validity of that Insured Person's insurance after
> his or her insurance has been in force prior to the contest for a
> period of two years during his or her lifetime; nor unless it is

---

[4] The Court will refer to the Midland Insurance Company throughout this opinion as Reassure.

>     contained in a written instrument signed by the Insured Person
>     making the statement.

Doc. 77-1 at 6; Doc. 77-2 at 5.

Davis died on May 2, 2001, less than two years after the effective date of the policy. Lawhon-Davis made a timely claim for benefits. On December 4, 2001, Reassure denied Lawhon-Davis' claim, taking the position that Davis misrepresented his smoking habits, which denied Reassure the opportunity to properly evaluate his application and thus required the policy's rescission. The letter enclosed a check refunding all premiums that Davis had paid, including interest, and stated that cashing the check constituted acceptance of the rescission.

Instead of accepting rescission, Lawhon-Davis, acting through counsel, demanded payment under the policy on April 17, 2002. Lawhon-Davis argued that the policy's incontestability provision precluded Reassure from contesting the policy's validity. Reassure responded on August 8, 2002, again denying Lawhon-Davis' claim and reiterating the conclusions reached in Reassure's December 4, 2001 denial letter.

On April 18, 2003, Lawhon-Davis filed suit against Reassure in state court, seeking to enforce the policy. Reassure answered the complaint on May 28, 2003, asserting misrepresentation as an affirmative defense and pursuing a counterclaim for rescission. Lawhon-Davis ultimately dropped her affirmative claim, and the case proceeded to trial on Reassure's counter-claim for rescission. The trial court entered judgment in Reassure's favor, rescinding the policy. The Illinois Appellate Court reversed in an order issued June 3, 2008. Reassure's petition for leave to appeal to the Illinois Supreme Court was denied on September 24, 2008. The Illinois Appellate Court assessed the cost of the appeal ($975.05) against Reassure on July 25, 2008. To date, Reassure has not paid Lawhon-Davis any amount.

Lawhon-Davis filed this action on December 5, 2011 in state court. Reassure removed the case to this Court on the basis of diversity jurisdiction.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). Therefore, when considering Lawhon-Davis' motion for partial summary judgment, the Court views all evidence in the light most favorable to Reassure, and when considering Reassure's motion, the Court views all evidence in the light most favorable to Lawhon-Davis. *Id.*

## ANALYSIS

I.  **Effect of the Illinois Appellate Court's Ruling**

The parties contest whether the Illinois Appellate Court's opinion, which reversed the trial court's decision on Reassure's counterclaim for rescission and found that the policy was not contestable at the time Reassure sought rescission, has any preclusive effect in this litigation. Reassure's entire motion for summary judgment is premised on the argument that the Illinois Appellate Court opinion has no preclusive effect.

The Court applies Illinois preclusion principles because the Illinois state court rendered the order to which Lawhon-Davis seeks to give preclusive effect. *See* 28 U.S.C. § 1738; *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). Although the parties discuss both *res judicata* and collateral estoppel interchangeably, only collateral estoppel is relevant here because the same cause of action decided in the state court case (rescission) is not asserted here. Collateral estoppel applies if (1) the issue decided in the prior action is identical to that presented in this action, (2) there was a final judgment on the merits in the prior action, and (3) the party against whom estoppel is asserted was a party or privy to the prior action. *In re A.W.*, 896 N.E.2d 316, 321, 231 Ill. 2d 92, 324 Ill. Dec. 530 (2008). Reassure argues that Lawhon-Davis cannot take advantage of collateral estoppel because there was no final judgment in the state court action.

"A judgment is final if it determines the litigation on the merits so that if affirmed the only thing remaining is to proceed with the execution on the judgment." *Relph v. Bd. of Educ. of DePue Unit Sch. Dist. No. 103 of Bureau County*, 420 N.E.2d 147, 149, 84 Ill. 2d 436, 50 Ill. Dec. 830 (1981). Here, the Illinois Appellate Court reversed the circuit court's decision, without an accompanying order remanding the case to the circuit court. This means that the Illinois

5

Appellate Court judgment was final and no further proceedings were required or possible in circuit court.[5] *Glens of Hanover Condo. Ass'n v. Carbide*, 6 N.E.3d 856, 857–58, 2014 IL App (2d) 130432, 379 Ill. Dec. 528 (2014) (Illinois Supreme Court Rule 369(b) provides that the trial court does not have jurisdiction over a case that is reversed without a remand); *Dalan/Jupiter, Inc. ex rel. JRC Midway Marketplace, L.P. v. Draper & Kramer, Inc.*, 865 N.E.2d 442, 448, 372 Ill. App. 3d 362, 310 Ill. Dec. 118 (2007) ("[W]here a judgment is reversed *with no order remanding the case*, 'it cannot be reinstated in the court which entered the judgment from which the appeal was taken * * *.' In other words, following a reversal without remand, the trial court is not revested with jurisdiction over the case." (omission in original) (quoting *Watkins v. Dunbar*, 149 N.E. 14, 15, 318 Ill. 174 (1925)). The present state court case is thus distinguishable from *Relph*, where the appellate court reversed and remanded the case to the circuit court with directions, leaving the circuit court to enter judgment that conformed to the appellate court's opinion. 420 N.E.2d at 149; *see also PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563, 570, 86 Ill. 2d 291, 56 Ill. Dec. 368 (1981) (distinguishing between outright reversal and reversal with remand, in which case "the circuit court can take only such action which conforms to the judgment of the court of review"). Here, because there was no order to remand the case to the circuit court, the judgment was final when entered by the appellate court. *See Indep. Voters of Ill. v. Ill. Commerce Comm'n*, 510 N.E.2d 850, 856, 117 Ill. 2d 90, 109 Ill. Dec. 782 (1987) ("The judgment of a reviewing court is final when entered."); *PSL Realty Co.*, 427 N.E.2d at 570 ("[W]hen a judgment is reversed by a court of review, the judgment of that court is final upon all questions decided[.]"); *Larkins v. Terminal R.R. Ass'n of St. Louis*, 122 Ill. App. 246, 255 (1905) (where appellate court "has reversed a judgment for causes going to the merits

---

[5] Although the circuit court set the case for a status hearing upon receiving the Illinois Appellate Court's mandate, doing so was error, albeit harmless because no action was taken at the status hearing in the case according to the docket and Lawhon-Davis' counsel.

and the reversal shows an intention finally to decide the case upon the merits, such judgment is a final one upon the facts constituting the cause of action and has all the characteristics necessary to constitute it *res judicata*"), *aff'd*, 77 N.E. 678, 221 Ill. 428 (1906).

Thus, the Illinois Appellate Court order was a final judgment for purposes of collateral estoppel. Reassure does not challenge the other two elements of collateral estoppel, which the Court finds to be met here. Reassure was a party to the state court action. The Illinois Appellate Court found that the policy was not contestable at the time Reassure contested it based on Davis' alleged misrepresentations. *See* Doc. 77-4 at 8, 19. This issue has also been raised by Reassure through several affirmative defenses in an attempt to preclude Lawhon-Davis from recovering on the policy. But because the issue was already decided by the Illinois Appellate Court against Reassure, collateral estoppel prevents Reassure from relitigating the issue here.

Thus, the Court will not address Reassure's arguments that Davis' policy was voidable because he allegedly misrepresented his smoking history on his life insurance application. The Illinois Appellate Court already determined that Reassure is barred from making such arguments.[6] *Id.* This includes Reassure's argument that the policy is voidable due to fraud. Although the incontestability provision in the policy provides that fraud is an exception to the two-year contest requirement, the Illinois Appellate Court stated instead that "Section 231.1(B) provides for only two exceptions to the requirement that a validity contest be made within two years: for (1) contests based on nonpayment of premiums and (2) contests based on eligibility for

---

[6] Reassure argues that the Illinois Appellate Court's reading of the incontestability provision is contrary to Illinois law, but this challenge to that reading is not appropriate here. Reassure petitioned for leave to appeal the Illinois Appellate Court's decision, and that petition was denied. Reassure did not pursue further action with respect to the Illinois Appellate Court's decision. Thus, the Court and Reassure are bound by the Illinois Appellate Court's final decision on the issue. *See People v. Coulter*, 799 N.E.2d 708, 719, 345 Ill. App. 3d 81, 278 Ill. Dec. 843 (2003) ("[W]here the parties and issues are the same, the federal court's decision is binding and the doctrine of *res judicata* applies, even when the state court believes the federal court is in error.").

coverage. Neither exception applies here." *Id.* at 9–10 (citing 215 Ill. Comp. Stat. 231.1(B) (West 2006)). With its fraud argument here, it appears that Reassure is now attempting to challenge Davis' eligibility for coverage based on his alleged misrepresentation on the policy that he was a non-smoker. *See* Doc. 7 at 31 ("Where the policyholder commits a fraud during the insurance application process and *fails to qualify for insurance*, and the policyholder then dies during the contestable period of the policy, the insurance policy remains contestable." (emphasis added)). But because the Illinois Appellate Court already found that Davis' eligibility was not at issue and that Reassure was only challenging validity based on these alleged misrepresentations, Reassure cannot attempt such an end run around the Illinois Appellate Court's finding of incontestability by asserting that what is actually at issue is eligibility. Thus, the Court refuses to consider Reassure's arguments regarding eligibility and the validity of the policy, meaning that Reassure's motion for summary judgment is denied.

## II.     Breach of Contract (Count I)

Lawhon-Davis seeks summary judgment on her breach of contract claim, arguing that all obligations under the insurance policy were performed but that Reassure breached the policy by failing to pay the benefits due upon Davis' death. Lawhon-Davis relies on the Illinois Appellate Court's finding that Reassure cannot contest the validity of the policy in arguing that Reassure has no defense to this claim. Reassure relies solely on its claim that Davis' policy was voidable because he allegedly misrepresented his smoking history on the application, but the Court has already found that Reassure is precluded from making this argument. Reassure's litigation tactic ultimately leads to the conclusion that summary judgment on the breach of contract claim is granted for Lawhon-Davis.

To establish breach of an insurance contract under Illinois law, Lawhon-Davis must establish (1) the existence of a valid, enforceable contract; (2) performance by Davis; (3) breach by Reassure; and (4) resulting injury. *Page v. Am. Gen. Life Ins. Co.*, 13 C 6979, 2014 WL 7185290, at *3 (N.D. Ill. Dec. 11, 2014). As already discussed above, the insurance policy is valid and enforceable. Davis paid the premiums for his policy through the time of his death. Lawhon-Davis made a timely claim for benefits under the policy. But Reassure has to this day refused to pay the benefits due under the policy to Lawhon-Davis, who is designated as the beneficiary of the policy, causing her injury. Having established a breach of the policy and facing no viable defenses, Lawhon-Davis is entitled to judgment on her breach of contract claim.

### III. Misrepresentation (Counts II, III, IV) and Violation of ICFA (Count V and VI)

Lawhon-Davis contends that Reassure violated ICFA and committed common law fraud because the incontestability clause included in the policy and in the denial letter did not comply with 215 Ill. Comp. Stat. 5/231.1(B). Specifically, relying on the Illinois Appellate Court's opinion, Lawhon-Davis argues that Reassure failed to include "the statutorily mandated language 'validity of the policy shall not be contested, except for non-payment of premiums, after it has been in force for two years from its date of issue.'" Doc. 80 at 11 (quoting Doc. 77-4 at 9).

To prevail on her fraud claim, Lawhon-Davis must establish that (1) Reassure made a false statement or omission of material fact, (2) Reassure knew of or believed in its falsity, (3) Reassure intended to induce Davis (or Lawhon-Davis) to act, (4) Davis (or Lawhon-Davis) acted in reliance on the truth of Reassure's statements, and (5) damages resulted from that reliance. *Weidner v. Karlin*, 932 N.E.2d 602, 605, 402 Ill. App. 3d 1084, 342 Ill. Dec. 475 (2010). Lawhon-Davis must prove her fraud claim by clear and convincing evidence, and the Court is to evaluate the evidence presented on summary judgment "through the prism of the substantive

9

evidentiary burden." *Liberty Lobby*, 477 U.S. at 254; *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 864 (7th Cir. 2013) (applying clear and convincing standard in affirming summary judgment dismissal of fraud claim); *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853–54 (7th Cir. 2007).

To prevail on her ICFA deceptive practices claim, Lawhon-Davis must establish that (1) Reassure committed a deceptive act or practice, (2) Reassure intended for Davis (or Lawhon-Davis) to rely on the deceptive practice, (3) the deceptive practice occurred in the course of trade or commerce, and (4) the deceptive practice proximately caused Lawhon-Davis' injury. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015). A showing of reliance is not required. *Id.* "[A] statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001).

In seeking summary judgment on her common law fraud and ICFA claims, Lawhon-Davis has the burden to establish that there is no material dispute as to all elements of both claims. *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) ("Where . . . the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of finding in favor of the non-movant on the claim."). But Lawhon-Davis only argues that she has met these elements in a cursory fashion, failing to even set out the required elements of a common law fraud claim and explain how all the elements for both claims are met. Consequently, Lawhon-Davis' failure to meet her evidentiary burden warrants denial of her request for summary judgment on the ICFA and common law fraud claims without needing to address Reassure's arguments. *See id.* at 601–02 (district court properly denied movant's motion for summary

10

judgment, where movant did not even cite relevant standard or apply it to facts in the record); *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir. 2011) ("A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance."); *Sierra Club v. Franklin County Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008) (for a plaintiff to prevail on a motion for summary judgment, "a plaintiff cannot rely on mere allegations but must support each element by specific facts via affidavits or other evidence"). Reassure's response is also lacking, as it argues, for example, that its policy language was approved by the Illinois Department of Insurance but does not provide any evidentiary support for that assertion. Further, although it may be true that Lawhon-Davis' ICFA claim is barred by the statute of limitations or that the fraud and ICFA claims fail for other reasons, Reassure has not moved for summary judgment on these claims on those bases, precluding the Court from entering summary judgment for Reassure on a potentially meritorious argument. *See Hotel 71*, 778 F.3d at 602–03 (denial of summary judgment does not automatically mean that summary judgment is warranted for the opposing party).[7] Instead of addressing these non-final issues and researching and constructing arguments for the parties, the Court denies Lawhon-Davis' motion for summary judgment on the common law fraud and ICFA claims. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel"); *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006) ("An advocate's job is to make it easy for the court to rule in his client's favor[.]").

---

[7] Nor is the Court willing to *sua sponte* grant summary judgment for Reassure on any of the bases it raises in response to Lawhon-Davis' motion for summary judgment. *See Hotel 71*, 778 F.3d at 602–03 (although the Court has authority to enter summary judgment on its own motion, it must provide the party notice of the possibility and a reasonable opportunity to respond "even where . . . the party has already sought and failed to obtain summary judgment in its favor").

## IV.     Bad Faith—Section 155 Damages (Count X)

Section 155 damages are appropriate if an insurer's actions with respect to a claim made under a policy are "vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902, 174 Ill. 2d 513, 221 Ill. Dec. 473 (1996). But they may not be awarded if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citations omitted). A "bona fide" dispute is one that is "[r]eal, actual, genuine, and not feigned." *Am. States Ins. Co. v. CFM Constr. Co.*, 923 N.E.2d 299, 308, 398 Ill. App. 3d 994, 337 Ill. Dec. 740 (2010) (alteration in original) (quoting Black's Law Dictionary 177 (6th ed. 1990)). Determining whether conduct is vexatious or unreasonable is a factual question determined by looking at the totality of the circumstances. *See Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007). But it is a question for the Court, not a jury. *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670, 704 (N.D. Ill. 2011) (finding insurer's conduct was vexatious and unreasonable on motion for summary judgment); *see also Horning Wire Corp. v. Home Indem. Co.*, 8 F.3d 587, 590 (7th Cir. 1993).

Lawhon-Davis claims that Reassure acted unreasonably in three respects: (1) in continuing to contest the validity of the policy despite the Illinois Appellate Court's decision, (2) in requiring Lawhon-Davis to file multiple lawsuits to recover on the policy, and (3) in asserting allegedly unfounded arguments to the Illinois Appellate Court. Although certain arguments that Reassure asserted to the Illinois Appellate Court did not prevail, the Court does not find that they were presented in bad faith, or that the fact that it lost on the issue of incontestability makes it

liable for section 155 damages. *See Am. States Ins. Co.*, 923 N.E.2d at 308 (insurer not liable for section 155 damages "merely because it litigated and lost the issue of insurance coverage"). Additionally, the fact that Lawhon-Davis has filed two lawsuits to recover on the policy cannot be blamed on Reassure, where Lawhon-Davis withdrew her claim for policy benefits in the first suit. Although Reassure could have agreed to pay her the benefits outside of court after the Illinois Appellate Court decision instead of requiring another suit, without more facts, the Court cannot find as a matter of law that Reassure's actions constitute bad faith.

But the Court agrees that Lawhon-Davis is entitled to section 155 damages based on Reassure's assertion of the right to contest the policy in this litigation, despite the fact that the Illinois Appellate Court had already found otherwise in a case involving the same parties. Reassure responds that the fact that the circuit court disagreed with the Illinois Appellate Court, rescinding the policy in favor of Reassure demonstrates that Reassure's position is legally tenable. But the fact that the circuit court found for Reassure prior to the Illinois Appellate Court's binding decision does nothing for Reassure, for once the Illinois Appellate Court's decision became final, Reassure had no viable ground to withhold payment on the policy. Reassure's conduct after that decision became final, arguing to this day that the Illinois Appellate Court decision was not a final judgment and that as a result it can contest the policy despite clear law to the contrary, was vexatious and unreasonable and warrants an award of section 155 damages.[8] *See Statewide Ins. Co. v. Houston Gen. Ins. Co.*, 920 N.E.2d 611, 625, 397 Ill. App. 3d 410, 336 Ill. Dec. 402 (2009) ("Section 155 permits the court to award reasonable attorney fees and costs to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits."); *Siwek v. White*, 905 N.E.2d 278, 282, 285, 388 Ill. App. 3d 152, 328 Ill. Dec.

---

[8] Reassure's bad faith is also manifested by its failure to pay the appellate costs taxed against it by the Illinois Appellate Court in 2008.

744 (2009) (section 155 damages appropriate where, among other things, insurer continuously refused to recognize coverage and repleaded unviable affirmative defenses); *Janes v. W. States Ins. Co.*, 783 N.E.2d 37, 42–43, 335 Ill. App. 3d 1109, 270 Ill. Dec. 462 (2001) (insurer's conduct was vexatious where there was a virtually identical case establishing coverage under Illinois law). The amount of those damages will be determined once the remaining claims are decided.

## CONCLUSION

For the foregoing reasons, Reassure's motion for summary judgment [75] is denied. Lawhon-Davis' motion for summary judgment is granted in part and denied in part. Judgment is granted for Lawhon-Davis on her claims for breach of contract (Count I) and bad faith (Count X). The amount of damages on the bad faith claim is to be determined in further proceedings. Lawhon-Davis' claims for misrepresentation (Counts II, III, and IV), violation of ICFA (Counts V and VI), negligent misrepresentation (Count VII), declaratory judgment (Count VIII), and unjust enrichment (Count XI) remain pending.

Dated: December 8, 2015

_____
SARA L. ELLIS
United States District Judge